UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| PATRICIA REYNOLDS et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:05-cv-527 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| SUSANNA E. HARRIS-SPICER et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Patricia Reynolds and her three sons - Phillip Demetrius Reynolds-Bey, Bobby Reynolds, Jr. and Christopher Louis Reynolds. As a state prisoner, Phillip Demetrius Reynolds-Bey is subject to the requirements of the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), including the requirement that a prisoner exhaust his available administrative remedies. See 42 U.S.C. § 1997e(a). On November 8, 2005, the Court issued an opinion and order dismissing Plaintiff Phillip Demetrius Reynolds-Bey without prejudice for failure to exhaust his administrative remedies. Because the 120-day time limit for service provided under FED. R. CIV. P. 4 elapsed on November 2, 2005, the Court granted the remaining Plaintiffs an extension of time, until forty-five days from the date of the Court's opinion and order, to effectuate service upon Defendants. On December 2, 2005, the Court denied Plaintiffs' motion for reconsideration of its order dismissing Plaintiff Phillip Demetrius Reynolds-Bey. This matter now is before the Court upon Plaintiffs' request for service of summons and complaint by the United States Marshal (docket #48).

When a Plaintiff has been authorized by the Court to proceed *in forma pauperis*, the Court must direct that service of summons and complaint be effectuated by the United States Marshal or other person or officer specially appointed by the Court for that purpose. *See* FED. R. CIV. P. 4(c)(2). Upon the request of a plaintiff who has not been granted leave to proceed *in forma pauperis,* the Court has discretion to direct service by the United States Marshal. *Id.* The surviving Plaintiffs in this action were not granted leave to proceed *in forma pauperis*; therefore, they are asking the Court to exercise its discretionary authority to direct service by the Marshal. Because the Marshal's Office is busy handling its responsibilities in criminal matters, the Court is not disposed to grant such a request to plaintiffs who are not proceeding *in forma pauperis.* Plaintiffs' request in this case is particularly burdensome as they have chosen to name twenty-six Defendants located throughout the State of Michigan. Accordingly, Plaintiffs' request will be denied. Pursuant to the Court's November 8, 2005 order, Plaintiffs have until December 23, 2005, to effectuate service upon Defendants. Therefore:

IT IS ORDERED that Plaintiffs' request for service of summons and complaint by the United States Marshal (docket #48) is DENIED.

Dated:  December 15, 2005            /s/  Joseph G. Scoville
                                              United States Magistrate Judge