UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA REYNOLDS, et al.,

    Plaintiffs,

v.

                                        File No.  1:05-CV-527

                                        HON. ROBERT HOLMES BELL

SUSANNE E. HARRIS-SPICER, et al.,

    Defendants.

_____/

## OPINION

This is a prisoner civil rights action brought by state prisoner Phillip Demetrius Reynolds ("Prisoner Reynolds") and three members of his family: Patricia Reynolds, Bobby Reynolds, Jr., and Christopher Louis Reynolds.  On November 8, 2005, the Court dismissed Prisoner Reynolds.  (Nov. 8, 2005 Order, Docket #38.)  This matter is now before the Court on cross-motions for summary judgment.  Defendants Susanne E. Harris-Spicer, Michigan Department of Corrections, Michigan Attorney General's Office, Michigan Attorney General Michael Cox, Lori Gidley, Kurt Jones, James McMillian, Richard Stapleton, Patricia Caruso, Dennis Straub, Donna Schafer, James Armstrong, Jim Dunigan, Nathan Smith, Phillip Gravelle, Cheryl Belonga, John Boynton, Jacque Mallory, Norma Killough, Troy Tabor, Lori Beecher, Donna Eikner, Laura Krick, Terri Halfman and Mark Kingsbury, have moved for summary judgment.  (Defs.' Mot. for Summ. J., Docket #83.)  Plaintiffs have also filed a cross-motion for summary judgment.  (Pls.' Mot. for Summ. J., Docket #103.)  This matter

was referred to the Magistrate Judge who issued a Report and Recommendation ("R&R") on March 5, 2007. The Magistrate Judge recommended that the Court grant summary judgment in favor of the aforementioned Defendants. This matter is now before the Court on Plaintiffs' objections to the R&R. (Defs. Objections, Docket #131.)

## I.

On July 1, 2004, Prisoner Reynolds received a major misconduct citation for possession of forged documents. On July 21, 2004, a hearing was held on the major misconduct charge. Defendant Harris-Spicer was the hearing officer who presided over the major misconduct hearing. Defendant Harris-Spicer found that Prisoner Reynolds was guilty of the major misconduct with which he had been charged.

After the major misconduct conviction, Prisoner Reynolds began filing a series of informal complaints with the warden. In the informal complaints, Prisoner Reynolds contended that a portion of the hearing officer's opinion accused Prisoner Reynolds and his family of plotting an escape conspiracy. The warden responded that he lacked authority to edit the hearing officer's report, however, the warden indicated that there was no evidence that Prisoner Reynolds and his family members had been involved in an escape plot.

## II.

This Court reviews *de novo* those portions of a R&R to which objections are made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Court may accept, reject or modify any

or all of the Magistrate Judge's findings or recommendations. § 636(b)(1). Plaintiffs assert four objections to the R&R.

### III.

**A. Eleventh Amendment Immunity**

Plaintiffs object to the recommendation that based on the Eleventh Amendment, summary judgment should be granted in favor of the Michigan Attorney General's Office and the Michigan Department of Corrections. Plaintiffs acknowledge that they cannot obtain money damages from Defendants in their official capacities, however, Plaintiffs contend that they are seeking money damages from Defendants in their individual capacities.

The Michigan Attorney General's Office and the Michigan Department of Corrections are both departments of the State of Michigan. As departments of the State of Michigan, neither the Michigan Attorney General's Office, nor the Michigan Department of Corrections can be sued in their personal capacities. Thus, Plaintiffs' claims against the Michigan Attorney General's Office and the Michigan Department of Corrections are barred by the Eleventh Amendment. *Dubuc v. Mich. Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003) ("[T]he Eleventh Amendment immunizes departments and agencies of the states." (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984))).

The Magistrate Judge did not reach the question of applying Eleventh Amendment immunity to Michigan Attorney General Michael Cox. As the application of Eleventh Amendment immunity to Attorney General Cox was not a basis on which the Magistrate

3

Judge recommended granting summary judgment in favor Defendants, the Court need not consider Plaintiffs' objection to the application of Eleventh Amendment immunity to Attorney General Cox. Plaintiffs' objection to the Magistrate Judge's application of the Eleventh Amendment is denied.

**B. Section 1983**

Plaintiffs next object to the recommendation that summary judgment be granted because Plaintiffs have not suffered an injury as a result of Prisoner Reynolds' major misconduct violation. In the objections to the R&R, Plaintiffs allege that during the major misconduct hearing Defendant Harris-Spicer informed Prisoner Reynolds that Defendants McMillan and Halfman had made statements accusing him and his mother, Plaintiff Patricia Reynolds, of plotting his escape. Plaintiffs allege that as a result of this, Plaintiff Patricia Reynolds suffered an actual injury. Plaintiff Patricia Reynolds alleges that her actual injury is that out of concern about retaliation against her son, she ceased lodging complaints with prison officials.

"[N]o cause of action may lie under section 1983 for emotional distress . . . or any other consequent collateral injuries allegedly suffered personally by the victim's family members." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citing *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984)). Plaintiffs do not dispute the Magistrate Judge's recommendation that no claim may be pursued for emotional distress or other consequent collateral injuries. Instead, Plaintiff Patricia Reynolds appears to be objecting to the

recommendation that summary judgment be granted for Defendants on her First Amendment retaliation claim.

A retaliation claim has three elements:

(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two -- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  The Magistrate Judge concluded that Plaintiff Patricia Reynolds had not presented sufficient evidence for a reasonable trier of fact to find for her on the second or third element.  Though Plaintiff Patricia Reynolds objects to the Magistrate Judge's recommendation, she does not identify any adverse actions that were taken against her, much less an adverse action that would deter a person of ordinary firmness.  Plaintiffs' objections recite various events related to the major misconduct hearing, but none of these events involve any adverse action directed at Plaintiff Patricia Reynolds.  Rather, the record shows that when the question of Plaintiffs and Prisoner Reynolds' possible involvement in an escape plot was brought to the attention of the prison warden, the warden concluded that no facts indicated such involvement and that there was no basis for pursing criminal sanctions against Plaintiffs.  (Sept. 7, 2004 Memorandum from Warden Kurt Jones to Phillip Reynolds, Am. Compl., Docket #22, Att., at 1;  Sept. 30, 2004 Memorandum from Warden Kurt Jones to Phillip Reynolds, Am. Compl., Att., at 1.)  As to the third element, the Magistrate Judge concluded that no reasonable trier of fact could find

that the letters written by Plaintiff Patricia Reynolds caused prison officials to conspire to have her criminally prosecuted. Plaintiff Patricia Reynolds has not directed the Court to any evidence that would support a contrary conclusion.

Plaintiffs have not objected to the Magistrate Judge's conclusion that Plaintiffs Bobby Reynolds, Jr., and Christopher Louis Reynolds did not engage in conduct protected by the First Amendment.

Plaintiffs also object to the Magistrate Judge's conclusion that even if Plaintiffs had a claim under the federal Constitution or laws, the hearing officer would be entitled to absolute immunity. Plaintiffs do not dispute the existence of immunity for hearing officers, but instead contend that Defendant Harris-Spicer committed her allegedly wrongful conduct after the hearing had concluded. Plaintiffs further contend that because the alleged wrongful conduct occurred after the hearing had concluded, Defendant Harris-Spicer is not entitled to immunity.

"[T]he Magistrate Judge Act, 28 U.S.C. § 631 et seq. . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). Before the Magistrate Judge Plaintiffs had contended that Defendant Harris-Spicer was not entitled to immunity because of various investigative activities undertaken by Defendant Harris-Spicer. (Pls.' Br. in Supp. of Mot., Docket #104, at 1-3.) When Plaintiffs were before the Magistrate Judge they never

6

contended that Defendant Harris-Spicer is not entitled to immunity because the hearing had concluded at the time when she allegedly made the offending comments.  Because Plaintiffs failed to raise this argument about events after the hearing not being subject to immunity before the Magistrate Judge, the Court finds that Plaintiffs have waived this argument.

Plaintiffs' objections to the Magistrate Judge's analysis of Plaintiffs' § 1983 claim is denied.

## C.  Supplemental Jurisdiction

The Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims because all of the federal claims were being disposed of on summary judgment.  Plaintiffs object to this recommendation and further request that if the Court declines to exercise supplemental jurisdiction, then the Court should remand the case to state court.

"Supplemental jurisdiction 'is a doctrine of discretion, not of plaintiff's right.'" *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) (quoting *Baer v. R & F Coal Co.*, 782 F.2d 600, 603 (6th Cir. 1986)); *accord* 28 U.S.C. § 1367(c)(3).  Generally, if all of the federal claims have been dismissed, then federal courts decline to exercise supplemental jurisdiction.  *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." (citing 28 U.S.C. § 1367(c)(3); *United Mine Works of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))).  Though Plaintiffs object to the Magistrate Judge's

recommendation, Plaintiffs have not offered any reason why this is a case in which the Court should reach the state law claims despite having previously dismissed Plaintiffs' federal law claims.

Plaintiffs also requests that if the Court declines to exercise supplemental jurisdiction that the Court remand the case to state court. The remand of a case to state court is governed by 28 U.S.C. § 1447. "Remand means 'send back.'" *Allied Signal Recovery Trust v. Allied Signal, Inc.*, 298 F.3d 263, 270 (3d Cir. 2002) (quoting *Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir. 1985)). "Under [§ 1447], a court has authority to send a case back to the state court where it originated. A district court does not have authority to "remand" a case to a stranger court. Such an order would be entered without legal authority." *Id.* (citing *Bloom*, 755 F.2d at 358). This case was originally filed in the U.S. District Court for the Eastern District of Michigan. Shortly after the original filing, this case was transferred to the U.S. District Court for the Western District of Michigan. (Notice of Transfer, Docket #6.) Nothing in the record indicates that this case was ever in state court. Thus, it would be improper for this Court to "remand" this case to state court as this case did not originate in state court. *See* 28 U.S.C. § 1447(c); *Allied Signal Recovery Trust*, 298 F.3d at 270.

Plaintiffs' objection to the recommendation that this Court decline to exercise supplemental jurisdiction is denied.

8

Case 1:05-cv-00527-RHB-JGS   ECF No. 133 filed 06/07/07   PageID.1425   Page 9 of 9

## IV.

The Court denies all of Plaintiffs' objections to the R&R. The Court concludes that Defendants: Susanne E. Harris-Spicer, Michigan Department of Corrections, Michigan Attorney General's Office, Michigan Attorney General Michael Cox, Lori Gidley, Kurt Jones, James McMillian, Richard Stapleton, Patricia Caruso, Dennis Straub, Donna Schafer, James Armstrong, Jim Dunigan, Nathan Smith, Phillip Gravelle, Cheryl Belonga,[1] John Boynton, Jacque Mallory, Norma Killough, Troy Tabor, Lori Beecher, Donna Eikner, Laura Krick, Terri Halfman and Mark Kingsbury, are entitled to summary judgment. The Court also declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. A partial judgment will be entered consistent with this opinion.

Date:     June 7, 2007                        /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In the Court's electronic docket the Michigan Attorney General's Office entered an appearance on behalf of Cheryl Belonga, however, the actual pleading only refers to Cheryl Soeltner. (Appearance of Counsel, Docket #57, at 1.) Plaintiffs have not named Cheryl Soeltner as a defendant. The Michigan Attorney General's Office did not file any documents indicating that Cheryl Soeltner is the same person as Cheryl Belonga. The Court's analysis as to the question of summary judgment is equally applicable to Cheryl Belonga or Cheryl Soeltner, thus the Court grants summary judgment as to named Plaintiff Cheryl Belonga, even though the motion for summary judgment was made in the name of Cheryl Soeltner.

9